UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| FREDERICK DEWAYNE MCMILLIAN, <br><br> Plaintiff, <br><br> -vs- <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendant. | Case No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Frederick Dewayne McMillian (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Experian Information Solutions, Inc. (hereinafter "Experian") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible

accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Shelby County in the State of Tennessee; Defendant transacts business within this District; and violations described in this Complaint occurred in this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Tennessee through its registered agent, CT Corporation System, located at 300 Montvue Road, Knoxville, Tennessee 37919.

11. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Experian disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

13. Upon information and belief, Claimant is a victim of a mixed file.

14. In the beginning of November of 2025, Plaintiff received notice that his credit score had significantly decreased.

15. On November 5, 2025, Plaintiff reviewed his Experian credit report and learned that there was a Sequium Asset Solutions partial account number 678380xx being reported with a balance of $311 and a status of "collection account" (hereinafter "Sequium Account"). The aforementioned debt collector was collecting on behalf of Comcast Cable Communications, LLC.  This was not Plaintiff's debt.

16. Immediately after Plaintiff contacted Sequium and discovered that the debt belonged to his son, Frederick Dewayne McMillian, Jr.. was informed by a Sequium

3

Representative that Plaintiff was not responsible for this debt, as the account was associated with his son's date of birth and Social Security number.

17. Plaintiff grew concerned that Experian was mixing him up with his son as they share the same first and last name, but have different date of births, and different Social Security numbers. Experian was the sole cause of Plaintiff's credit score drop.

18. As a result of the inaccurate reporting, Plaintiff filed a detailed dispute with Experian on November 5, 2025.

19. On November 6, 2025, Plaintiff again obtained copies of his credit reports. Upon review, Equifax and Trans Union were not reporting the Sequium Account. However, Plaintiff observed the Sequium Account continued report erroneously as a collection account with an unpaid balance of $311. Such reporting by Experian caused Plaintiff's score to plumet to a score of 654.

20. That same day on November 6, 2025, Plaintiff mailed in a very detailed dispute to Experian. In the dispute Plaintiff explained that the disputed Sequium Account did not belong to him as it belonged to his son. Plaintiff requested Experian to investigate this matter and to do so, he provided a copy of his Social Security Card, his driver's license.

21. Plaintiff mailed his detailed dispute letter to Experian via USPS Certified Mail (9589 0710 5270 2629 2513 41).

22. Despite confirmation of delivery on November 9, 2025, Plaintiff never received dispute results or a copy of his credit report from Experian.

23. Due to lack of receipt of results, on December 10, 2025, Plaintiff obtained a copy of his Experian credit report. To his relief the erroneous Sequium Account had been removed, and his credit score was now reflecting a score of 805.  His scored had dropped over 80 points while the Defendants were misreporting.

24. Experian failed to have policies and procedures in place to ensure maximum possible accuracy on a consumer's file creating Plaintiff to face negative ramifications.

25. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Loss of time attempting to cure the errors;

    ii. Mental anguish, added stress, aggravation, embarrassment, emotional distress, sleepless nights, headaches, fluctuations in weight, and other related impairments to the enjoyment of life; Claimant is being physically affected by Experian's actions;

    iii. Apprehensiveness to apply credit due to the fear of rejection;

    iv. Defamation as Experian published inaccurate information to third party entities. Because of Experian's report, FICO's algorithm calculated the collection's account.

    v. Experian created family strain with Plaintiff and his son during the wrong reporting.

## CAUSES OF ACTION

## COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

26. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-five (25) above as if fully stated herein.

27. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

28. Experian allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file.

29. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

30. Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

31. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

32. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

33. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

34. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Frederick Dewayne McMillian, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

35. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-five (25) above as if fully stated herein.

36. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

37. Experian allowed for a furnisher to report an inaccurate and erroneous account to Plaintiff's credit file or worse, despite having an independent credit file for Plaintiff's son, it added the collection's account to Plaintiff's credit file.

38. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

39. Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

40. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

41. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

42. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

43. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Frederick Dewayne McMillian, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award

pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Frederick Dewayne McMillian, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, Experian Information Solutions, Inc..; and jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 30th day of December 2025.

    Respectfully submitted,

**/s/Frank H. Kerney, Esq.**
Frank H. Kerney, III, Esq.
Florida Bar #:88672
Tennessee Bar #: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd., Ste 610
Tampa, FL 33602
Cell: (813)951-8278
Facsimile: (844)951-3933
Primary Email:
Frank@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

*Attorney for Plaintiff*